**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Innovative Sports Management Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Sukhi Singh Ghuman, et al.,<br><br>Defendants. | No. CV-22-02018-PHX-MTL<br><br>**ORDER** |

Defendants Sukhit Singh Ghuman, Kevin Currie Johnston, Manjinder Singh, Ghuman Holdings, LLC, and Sukhbinder & Rupinder Khangura Revocable Trust (collectively, "Individual Defendants") move for summary judgment reasoning they are not liable under 47 U.S.C. §§ 553, 605 for the acts of Defendant Union Jack Pub Mesa, LLC because the Arizona Liability Act, A.R.S. § 29-3304, shields these individual members from liability. The Court has reviewed the briefs (Docs. 41, 42, 44), held oral argument, and denies Individual Defendants' Motion for Summary Judgment.[*]

**I.    BRIEF BACKGROUND**

Plaintiff Innovative Sports Management, Inc., alleges that Defendant Union Jack Pub is liable for an unauthorized interception, receipt, and publication of a cable service, thus violating 47 U.S.C. §§ 553, 605 when it played the Hungary v. England soccer match on June 4, 2022. (Doc. 1.) Plaintiff was granted exclusive nationwide commercial distribution (closed-circuit) rights to the soccer match to telecast it nationwide on June 4,

---

[*] Reece Tack, a second-year law student at the Sandra Day O'Connor College of Law at Arizona State University, assisted in drafting this Order.

2022. (Doc. 1 ¶32.) Defendant Union Jack Pub allegedly did not pay the $1,250 fee to Plaintiff but "intercepted, received, and published" the soccer match, as advertised on Union Jack Pub's Facebook page. (*Id.* ¶¶ 29, 30, 37.) Plaintiff claims that the Individual Defendants had directed employees of Union Jack Pub to "unlawfully intercept, receive[], and publish" the soccer match and that the Individual Defendants had an "obvious and direct financial interest in the activities of Union Jack Pub. (*Id.* ¶¶ 19-25.)

Individual Defendants offered declarations (Docs. 41-2, 41-4, 41-5, 41-6, and 41-7) in support of their Motion for Summary Judgment. (Doc. 42.) Each declaration follows a similar format. It begins by stating "I, [Individual Defendant], based on my own personal firsthand knowledge and under penalty of perjury, state as follows . . . ." (Docs. 41-2 at 2, 41-4 at 2, 41-5 at 2, 41-6 at 2, 41-7 at 2.)

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At the summary judgment stage, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citations omitted); *see also Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994) (holding that the court determines whether there is a genuine issue for trial but does not weigh the evidence or determine the truth of matters asserted).

## III.   DISCUSSION

Individual Defendants argue that they cannot be found vicariously liable because no genuine dispute of material facts exists as to the Arizona Limited Liability Company Act shielding Individual Defendants from individual liability. (Doc. 41 at 8–11.) Plaintiff objects to Individual Defendants provided declarations, argues that corporate veil law does

not apply to piracy claims, and that under the vicarious liability test, all five defendants "may be liable." (Doc. 42 at 4.)

Plaintiff contends that the Individual Defendants' Motion for Summary Judgment should be denied because the declarations provided by the Individual Defendants fail to meet the verification requirements established in 28 U.S.C. § 1746, thereby suggesting a genuine issue over a material fact exists. (Doc. 42 at 2.) Defendants urge this Court to find the verification requirements satisfied because the declarations were submitted "under penalty of perjury," consequently suggesting no dispute over any material facts exists. (Doc. 44 at 2.) If the declarations provided are not statutorily sufficient, a genuine issue as to a material fact will exist and the Motion for Summary Judgment will be denied. *See Ortega v. Villa*, No. 20-11361, 2021 WL 5238786, at *1 (C.D. Cal. Sept. 10, 2021) (explaining than an unsworn statement that violates 28 U.S.C. § 1746 "cannot be considered as evidence" in support of a movants motion).

Under 28 U.S.C. § 1746,

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or prove by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as *true under penalty of perjury*, and dated, in substantially the following form:
> . . . .
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is *true and correct*. Executed on (date).
> (Signature)".

*Id.* (emphasis added).

Plaintiff argues that "[w]hile the language of a declaration need not track § 1746 identically, and while there is some leeway, Defendants' declarations nonetheless omit a salient requirement." (Doc. 42 at 2.) The failure to attest to the truth and correctness of the declarations, Plaintiff argues, is fatal to Defendants motion, even though the declarations were made "under penalty of perjury." *Id.*

Individual Defendants argue that Plaintiff's interpretation of the declarations employs a "curious level of formalism," and this interpretation should be rejected because it necessitates an implausible reading to the declarations. (Doc. 44 at 2.)

Two steps are necessary to evaluate the validity of a declaration. *See United States v. Bueno-Vargas*, 383 F.3d 1104, 1111 (9th Cir. 2004). "As long as an unsworn declaration contains the phrase 'under penalty of perjury' and states that the document is true, the verification requirements of 28 U.S.C. § 1746 are satisfied." *James River Holdings Corp. v. Anton Chia LLP*, 2014 WL 12696367, at *3 (C.D. Cal. Jan. 17, 2014) (citing *Bueno-Vargas*, 383 F.3d at 1111). "It is the intent of the declarant to be under oath or affirmation that matters most." *Id.*

Both parties cite *Bueno-Vargas* to support their position. (Docs. 42 at 2–3, 44 at 2–3.) In *Bueno-Vargas*, a customs agent's unsworn declaration read: "I, U.S. Custom Service Agent [Agent Name], declare under penalty of perjury, the following is *true* and *correct*." *Id.* at 1109 (emphasis added). In that case, the defendant argued the declaration failed to satisfy the constitutional "Oath or affirmation" requirement. *Id.* at 1110. In rejecting defendants' argument, the court explained that an "Oath or affirmation" is a formal assertion of, or attestation to, the *truth* of what has been, or is to be, said. *Id.* (cleaned up). Because the customs agent's unsworn declaration was under the penalty of perjury and provided intent to be "true and correct," the court found that the verification requirements were satisfied. *Id.* at 1111.

The same is not true in this case, and the verification requirements have not been met. Individual Defendants do make declarations "under the penalty of perjury" but they fail to attest to the truth or correctness of those statements, which is an important

1  requirement of 28 U.S.C. § 1746. (*See* Docs. 41-2 at 2, 41-4 at 2, 41-5 at 2, 41-6 at 2, 41-
2  7 at 2.) Declarations before the Court must reflect the truth. To ensure this, declarants must
3  attest to tell the truth, or manifest some intention that the statements before the Court are
4  truthful, under the penalty of perjury. This may appear highly formulaic, but it is an
5  indispensable obligation that could have negative repercussions if the requirement were
6  weakened to merely statements made under the penalty of perjury.

7  The legal system frequently mandates an affirmation of truthfulness. For example,
8  when a courtroom deputy swears in a witness to testify, the witness must pledge to "tell
9  the *truth*, the whole *truth*, and nothing but the *truth*." *See United States v. Cota-Becerra*,
10  2012 WL 602176, at *7 (D. Mont. 2012). With no affirmation that a declarant will tell the
11  truth—although it may appear unlikely—there are hypothetical situations in which an
12  individual could affirm a fact under risk of perjury, but concurrently acknowledge the
13  falsehood of their statement. For instance, a cunning declarant may interpret the phrasing
14  "I, [Individual Defendant], based on my personal firsthand knowledge and under penalty
15  of perjury, state as follows . . . ." as an opportunity to present information he knows is false
16  or untrue and still ostensibly satisfy the aforementioned verification standard. The Ninth
17  Circuit recognized this by noting "[t]o say that 'I understand that I must tell the truth' or
18  that 'I understand I must accurately state the facts' is not a promise to tell the *truth* nor
19  accurately state the facts." *Gordon v. State of Idaho*, 778 F.2d 1397, 1400 n.2 (9th Cir.
20  1985) (emphasis added).

21  The Court finds the declarations inadmissible because these do not contain the "true
22  and correct" language as required under 28 U.S.C. § 1746, nor do they manifest any
23  intention to tell the truth. (*See* Docs. 41-2, 41-4, 41-5, 41-6, and 41-7.) Furthermore, the
24  declarations submitted by Majinder Singh and Kevin Johnston were unsigned. (Docs. 41-
25  4 at 4, 41-5 at 4.) One declaration was incomplete, missing several pages. (*See generally*
26  Doc. 41-8.) Moreover, in Sukbinder Khangura's declaration the phrase "I am a resident of
27  the State of [State]" was left unfinished without specifying the state of residence. (Doc. 41-
28  7 at 2.) These issues further highlight the deficiencies in the declarations provided to the

Court.

Although unsigned, Individual Defendants additionally argue that the operating agreement is admissible because Sukhjit Ghuman stated in his "sworn declaration" it was the true operating agreement of Union Jack Pub Mesa, LLC. (Doc. 45-1 at 3.) But because the operating agreement's reliability depends on the validity of Mr. Ghuman's declaration, which statutorily deficient, it too cannot be used as evidence. Fed. R. Evid. 901(a); *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1004 (9th Cir. 2002) (holding the party seeking admission of evidence bears the burden of proof of admissibility); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (reasoning that a trial court can only consider admissible evidence in ruling on a motion for summary judgment) (citations omitted). Because the declarations and operating agreement are inadmissible, a genuine dispute over material facts exists. *Id.* at 782. Therefore, it is not necessary to analyze whether corporate veil law applies to piracy claims or whether Individual Defendants are vicariously liable.

Because no admissible evidence supports Individual Defendant's Motion for Summary Judgment, the motion must be denied.

**IV. CONCLUSION**

Accordingly,

**IT IS ORDERED denying** Individual Defendants' Motion for Summary Judgment (Doc. 41).

Dated this 15th day of March, 2024.

Michael T. Liburdi
United States District Judge